UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MENDOZA, | No. 2:98-cv-02150-MCE-GGH |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JEFFREY BEARD,[1] | |
| Respondent. | |

INTRODUCTION

Pending before the court is respondent's motion to dismiss for failure to prosecute. ECF No. 34. It bears repeating in this case, as was stated in petitioner's brother's related case 2:98-cv-1857-MCE-GGH, that these two cases have engendered the most bizarre set of delay-in-exhaustion circumstances seen by the undersigned. Both petitioners were represented by separate, unrelated counsel. These counsel essentially abandoned their clients *for over 14 years* after this court stayed the habeas petitions for exhaustion of new claims. Whoever coined the saying (and myth) that "lightning never strikes twice in the same place," would be surprised to see that such is what precisely occurred in this court in these two cases. However, the outcome in

---

[1] Respondent's counsel requested that Jeffrey Beard, Secretary of the California Department of Corrections and Rehabilitation, be substituted as Respondent in this action, and all other respondents be terminated. ECF No. 32. Pursuant to Federal Rule of Civil Procedure 25(d) and Rumsfeld v. Padilla, 542 U.S. 426, 450 n.18 (2004), the request is hereby granted.

this case is different than the non-dismissal recommendation in petitioner's brother's case. Therefore, the undersigned adjudicates the motions to dismiss separately.

The outcome is different in this case from what is recommended in 2:98-cv-1857 MCE-GGH (Pedro Mendoza) because the length of delay along with the fault factor weighs so heavily in favor of dismissal. Although the undersigned analyzes all other appropriate factors below, none of them can outweigh the above delay and fault factors. This is one of those rare cases where dismissal is appropriate despite a lack of actual prejudice, at least with respect to exhausted claims. The undersigned asks rhetorically, if this case cannot be dismissed for failure to prosecute, what case can?[2]

BACKGROUND

Petitioner Luis Mendoza, jointly tried with Pedro Mendoza (petitioner's brother and the petitioner in related case no. 2:98-cv-1857-MCE-GGH), was convicted by a jury of two counts of first degree murder and two counts of attempted murder. The jury also found true the special circumstance of multiple murder. Both petitioner and his brother were sentenced to life without the possibility of parole.

On appeal, petitioner argued that there was insufficient evidence to sustain his conviction of first degree murder and attempted murder via premeditation and deliberation and the trial incorrectly instructed the jury. ECF No. 34, at 16, 22. The Third District Court of Appeal affirmed the judgment. ECF No. 34, at 37.

Ultimately, petitioner filed his pro se federal habeas corpus petition on September 23, 1998. ECF No. 1. The Court appointed petitioner counsel and subsequently petitioner was represented by Denise Kendall. ECF Nos. 4, 6. In December 1999, petitioner requested the court to stay the proceedings so that he could exhaust several claims that had not been presented to the state court. ECF No. 20. On January 27, 2000, petitioner filed an amended petition containing

---

[2] Petitioner also argues that the court should determine whether petitioner's unexhausted state law claims—which are not alleged in the operative petition—are barred due to state procedural default rules, whether any such defaults are excused, and, if excused allow the stay to continue. The court has already lifted the stay in this case. ECF No. 35. For the reasons discussed more fully below, this action should be dismissed rendering the requests moot.

only exhausted claims. ECF No. 24. On May 8, 2000, the court ordered, pursuant to petitioner's request, the action stayed so that petitioner could exhaust his unexhausted claims. ECF No. 29.

On October 28, 2014, counsel for respondent filed a Designation of Counsel for Service. ECF No. 31. On November 4, 2014, respondent filed a motion to lift the stay and motion to dismiss the petition. ECF No. 34. On November 21, 2014, the court lifted the stay and ordered petitioner, through counsel, to respond to the motion to dismiss. ECF No. 35. On December 1, 2014, petitioner's counsel, Denise Kendall, filed a response to the motion to dismiss, requesting that petitioner be appointed new counsel. ECF No. 36. The court granted the motion to appoint new counsel and ordered the Officer of the Federal Defender for the Eastern District of California to either accept appointment as counsel for petitioner or designate for appointment new counsel. ECF No. 38. On February 24, 2015, Benjamin Ramos substituted in to represent petitioner in the instant action. ECF No. 43.

DISCUSSION

  A. <u>A Federal Habeas Petition Can Be Dismissed in Its Entirety for Failure to Prosecute a State Exhaustion Proceeding</u>

It is true that any delays in the federal proceeding itself prior to the entered stay are insignificant and would not stand as a basis to dismiss this case for failure to prosecute. Rather, it is the related, or contemplated, state exhaustion proceeding (no exhaustion proceeding was ever filed for petitioner) which has occasioned the 14 year delay. Thus, the threshold question is whether this entire federal proceeding may be dismissed for delays in the exhaustion proceeding. While the parties do not address this issue, the answer is that delay in the exhaustion proceeding may be counted as delay in the federal proceeding so as to justify dismissal of the entire petition. The answer is directed by logic, case law and <u>Rhines v. Webber</u>, 544 U.S. 269, 125 S.Ct. 1528 (2005).

First the logic involved directs that a failure to prosecute exhaustion proceedings affects the entire federal petition. A petitioner asks that the entire action be stayed so that a new claim may be exhausted. By definition, the stayed federal petition is not being prosecuted during the time of the stay. If the stay is unduly prolonged by an unreasonable delay in exhausting state

1  remedies, the non-prosecuted federal action therefore is unduly delayed as well in its entirety.

2  Calhoun v. Berg, 769 .3d 409, 411 (6th Cir. 2014) involved such a situation. The

3  petitioner therein waited six years to commence exhaustion after the federal petition was stayed.

4  The entire petition was dismissed for failure to prosecute. A part of the Calhoun analysis looked

5  to Rhines which held that stays had the potential to disrupt the comity owed between the federal

6  to the state governments in terms of finality of state criminal judgments. Id. This disruption was

7  exacerbated in situations where old and new claims were not diligently prosecuted for whatever

8  reason.

9  Calhoun was a case which involved a conditional stay, *i.e.*, a time limit for exhaustion was

10  expressly set forth in the stay order. Admittedly, Rhines (a case decided after the stay was issued

11  in this case) also encouraged the use of conditional stays in order to motivate the swift

12  commencement of exhaustion proceedings. In a case where one was concerned with a delay of

13  days, weeks, even months, but not years, the absence of a conditional order might be a deciding

14  factor. Nonetheless, no reasonable counsel or petitioner would believe that either could wait *14*

15  *years* without even commencing state proceedings, and still be in compliance with an order

16  directing petitioner to exhaust state remedies. It does not take a specific deadline in the order to

17  know that.

18  B. The Merits

19  Respondent moves this court to dismiss the amended petition for failure to prosecute and

20  notes that while the motion "serves as a vehicle to permit Petitioner to formally explain the delay,

21  the fact remains that dismissal should obtain absent a particularly good showing." ECF No. 34 at

22  4. In determining whether to dismiss a case for failure to prosecute or for failure to comply with

23  a court order "the district court must weigh five factors including: '(1) the public's interest in

24  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

25  prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

26  (5) the availability of less drastic alternatives.'" Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th

27  Cir. 1992) (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)). See

28  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) employing the same criteria in a habeas

case. In addition,

> Rule 41(b) specifically provides that the failure of the plaintiff to prosecute his claim is grounds for involuntary dismissal of the action. The courts have read this rule to require prosecution with "reasonable diligence" if a plaintiff is to avoid dismissal. *Ballew v. Southern Pacific Co.*, 428 F.2d 787 (9th Cir. 1970); *States Steamship Co. v. Philippine Air Lines*, *supra*. This court has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure.

Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976). The petitioner "has the burden of the reasonableness of his delay and lack of prejudice to the defendant." Franklin v. Murphy, 745 F.2d 1221, 1232 (9th Cir. 1984).

The first factor always favors dismissal. Pagtalunan, 291 F.3d at 642 ("The public's interest in expeditious resolution of litigation always favors dismissal." [internal quotations and citations omitted]). As respondent notes, the second factor weighs against dismissal—the case was administratively closed. The final factor weighs against dismissal—"[p]ublic policy favors disposition of cases on the merits." Id. Thus, the undersigned will analyze the remaining factors, and additionally, the very important "fault" or "diligence" factor, to determine whether the petition should be dismissed.

Length of Delay and Fault

Petitioner contends dismissal is not warranted because the fault of the delay lies entirely with his previous counsel, Ms. Kendall. The court disagrees. Although it is difficult to fathom the egregious acts of counsel in this case, *i.e.*, Ms. Kendall failed to file a state exhaustion petition and failed to advise petitioner of the status of his case for over *14 years*, (Declaration of Denise Kendall ("Kendall Decl.") (ECF No. 36) ¶ 5), surely, the delay was equally caused by petitioner's completely unreasonable silence in the face of his counsel's abandonment.

This case was idle for 14 years. Petitioner made no showing as to how he was diligent during that time period. He made no argument regarding how he was diligent. Indeed, petitioner did not even contact the court to request a status of the case. During this 14-year period, it appears that the only communication petitioner had with his previous counsel occurred when the court granted an order to show cause in a related case involving petitioner's brother. Kendall

5

Decl. ¶ 6. Petitioner's only justification for the delay was that Ms. Kendall abandoned representation of him. He did not follow that alleged justification with any showing of diligence. Given petitioner's lack of diligence, the court cannot find that the blame of the delay completely falls on previous counsel. Petitioner's inaction was an equal cause of the failure to prosecute.

The undersigned recognizes that the Ninth Circuit has found in a non-habeas civil case that complete abandonment or "gross negligence" by counsel occasioning the delay is an extraordinary event excusing the delay for the "innocent" plaintiff. Lai v. California, 610 F.3d 518, 524-25 (9th Cir. 2010) applying the rule of Community Dental Services v. Tani, 282 F.3d 1164 (9th Cir. 2002) to a Rule 41 failure to prosecute situation. However, in finding client abandonment and mendacity to be an extraordinary event justifying non-dismissal, both Lai, and Tani did explore whether the affected party had contributed to the delay, and found that not to be true. The very opposite of that is true here. Moreover, the undersigned finds that Lai is not a precise fit in a habeas action, given the comity interest so stressed by the Supreme Court, *i.e.*, the state's interest in finality of criminal judgments transcends the individual case.

This factor heavily favors dismissal. See Yourish, 191 F.3d at 992 (poor reason for default "indicates that there was sufficient prejudice to Defendants from the delay").

Risk of Prejudice to Respondent

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at 642 (citing Malone v. United States Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987). "Unreasonable delay creates a presumption of injury to appellees' defenses. However, whether *actual* prejudice exists may be an important factor in deciding whether a given delay is unreasonable. Neither delay nor prejudice can be viewed in isolation." Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984) (internal quotations and citations omitted). "[T]he risk of prejudice to the defendant is related to the plaintiff's reason for defaulting . . . ." Yourish v. California Amplifier, 191 F.3d 983, 991 (9th Cir. 1999). Finally, the actual prejudice spoken of must relate to the instant case, not some case that might occur in the future due to a ruling in petitioner's case here which causes the future case. Gratzer v. Mahoney, 397 F.3d 686, 690 (9th

6

Cir. 2005) ("[T]he relevant standard is whether the State has been prejudiced in its ability to respond to the issues raised by the petition . . . not in its ability retry the defendant.").

If this case were to be decided only with respect to the exhausted claims, actual prejudice cannot be shown because the record is fixed and fading memories and lost evidence are not a concern.[3]  However, this is one of those cases where the law of Anderson v. Air West comes into play: "This court has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure.  542 F.2d at 524.  This factor weighs in favor of dismissal.

Less Drastic Alternatives

A less-drastic alternative exists.  This proceeding was stayed for fourteen years to allow petitioner to exhaust several state law claims not raised on direct appeal.  Prior to the stay, petitioner filed an amended petition containing exhausted claims.  ECF No. 24.  Although petitioner never exhausted his state law claims despite fourteen years to do so, this action could proceed with litigation of only the claims presented in petitioner's 2000 amended petition.  Termination of petitioner's potential, unexhausted state claims serves as sanction less drastic than dismissal.  As a result, this factor weighs against dismissal.

CONCLUSION

Three factors weigh against dismissal and three factors favor dismissal.  Nevertheless, the inordinate delay and petitioner's complete lack of diligence outweigh all the factors favoring further prosecution of this action.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the petition for failure to prosecute, filed on November 4, 2014 (ECF No. 34), be GRANTED.
2. This action be dismissed with prejudice; and
3. The District Court decline to issue a certificate of appealability.

///

---

[3] Of course, if the non-exhausted claims were to be considered, there would be significant, actual prejudice since the facts outside the record upon which those claims may rely are stale indeed.

7

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 13, 2015

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:016/mend2150.mtd