UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MENDOZA, | No. 2:98-cv-2150 MCE GGH |
| Petitioner, | |
| v. | ORDER |
| JOE LIZARRAGA, | |
| Respondent. | |

Petitioner's prior attorney in this case (Denise Kendall), and the person subject to the previous order to show cause re discipline, has requested that her declaration submitted in response to the order be sealed. Respondent opposes this request arguing that the submission of attorney-client communications pertinent at all to a case may not be filed, much less sealed, and that in any event, petitioner has waived his attorney-client privilege, rendering a sealing of the document unnecessary. Petitioner himself conditionally opposes the motion to seal, i.e., he has no problem with the sealing as long as he gets a copy. For the reasons set forth below, Ms. Kendall's motion is granted; however she is ordered to send a copy to petitioner's present counsel.

///

1

1    The court may misapprehend respondent's assertion that sealing potentially embarrassing
2    matters touching upon attorney-client communications are simply not done in the course of
3    litigation.  However, the sealing of such matters is routine.  <u>See</u> the legions of cases in which *in
4    camera* <u>Marsden</u> hearings (privileged assertions by a defendant client that his attorney has acted
5    deficiently or otherwise with misconduct) are then sealed, e.g., <u>People v. Avila</u>, 38 Cal. 4th 91,
6    607-608 (2006); <u>People v. Hernandez</u>, 139 Cal. App. 4th 101, 105-106 (2006).  The same is true
7    in federal court: <u>see</u> <u>United States v. Staub</u>, 538 F.3d 1147, 1151 (9th Cir. 2008) (sensitive or
8    privileged materials sealed even though the record contained previous general arguments to the
9    same effect—as in this case).

10   Respondent recognizes his limited standing in this matter of potential attorney discipline
11   which is collateral to the merits of the case to which he is a party.  While the court would be very
12   sensitive to a sealed filing which might prejudice respondent's defense on the merits, for
13   example, a revelation of material facts at odds with the record established thus far, such a
14   situation does not exist here.  Much like the situation in <u>Staub</u>, the record reflects in a general way
15   what the declaration sought to be sealed sets forth more in detail.  The record in this case
16   discloses that no communications were made to petitioner about the status of his case (or any
17   other thing) after the case here was stayed for exhaustion purposes, see ECF # __ (Declaration of
18   Denise Kendall) and up to the issuance of the first order to show cause.  No excuse of record is
19   given for this inaction.  These facts are the facts pertinent to respondent's position on the motion
20   to dismiss for failure to prosecute.  What was said approximately 14 years after the case was
21   stayed and afterwards (for the first time) about case strategies, or the lack thereof, is irrelevant in
22   this case.  *However, of course, should petitioner attempt to utilize such communication or*
23   *otherwise privileged information on appeal, or with the district court on motion for*
24   *reconsideration, to avoid dismissal, disclosure might well be required.  Disclosure would also be*
25   *required if the information sought to be sealed revealed that despite the previous declaration,*
26   *communication had indeed transpired between Ms. Kendall and petitioner during the period of*
27   *apparent inactivity*; however, such does not appear to be the case.
28   There is reason to presently seal the Declaration of Denise Kendall pertinent to the order

to show cause re discipline. If the undersigned is in error in his initial opinion that Ms. Kendall's inaction requires a professional misconduct review, the public docketing of her declaration filed in accordance with this review would be unnecessarily embarrassing.

Sealing, however, may only be performed if appropriate under law. E.D. Cal Local Rules 141, 141.1. Although all court records are presumptively public, a lesser "good cause" standard exists for sealing here *at this time* "because those documents are [] unrelated, or only tangentially related, to the underlying cause of action." Oliner v. Kontrabecki, 745 F.3d 1024, 1026 (9th Cir. 2014. In such a situation, undue embarrassment may be a cause for sealing records. Kamahana v. City and County of Honolulu, 447 F.3d 1172, 1179-80 (9th Cir. 2006). For the reasons set forth above, the undersigned finds that the good cause standard is met.

However, petitioner himself may desire to initiate, or be part of, the misconduct review proceedings. Since petitioner holds the attorney client-privilege, and Ms. Kendall's has not asserted any attorney work product objection (even if she could against her own client), disclosure of the sealed information to petitioner does not transgress any privilege. Therefore, the undersigned orders that Ms. Kendall's present counsel submit a copy of the proposed sealed documents to petitioner's present counsel.

Accordingly, Ms. Kendall's Motion to Seal (ECF No. 53) is granted. She shall follow the procedures set forth in E.D. Cal. Local Rule 141 in filing the documents under seal. Said documents shall be filed within seven (7) days of the filed date of this order.

DATED: May 28, 2015

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

3