UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MENDOZA,<br><br>    Petitioner,<br><br>    v.<br><br>JEFFREY BEARD,<br><br>    Respondent. | No.  2:98-cv-2150 MCE GGH<br><br><br>ORDER |

    For over fourteen (14) years, counsel for petitioner, Denise Kendall, essentially abandoned her client after petitioning this court to stay the case pending exhaustion of new claims.  No action was taken by petitioner's counsel during this 14 year period; the matter came to the court's attention when respondent filed a motion to lift the stay and dismiss this action.  Ms. Kendall essentially alleges that she forgot about the case, and takes responsibility for this misfeasance.  There is no record of contact between Ms. Kendall and petitioner during this lengthy period.  The undersigned recommended that the motion to dismiss be granted, and this recommendation is now pending a district judge's review.

    The undersigned issued an order, ECF No. 47, to show cause why Ms. Kendall should not be disbarred from practicing in the District Court, Eastern District of California.  Ms. Kendall

1

obtained counsel, and filed her more explanatory declaration in opposition to this proposed action. The undersigned ordered this declaration to be filed under seal. However, aside from being more explanatory as to why she forgot about this action, i.e. there are reasons, but no excuses, the fact remained that she abandoned her client. Ms. Kendall has asked for this court's consideration of her lengthy, good record as an attorney in fashioning the appropriate sanction. She has not objected to the undersigned's taking action on the order to show cause as may be appropriate.

Resolution of this order to show cause is not made in a vacuum. As the undersigned pointed out in the related case involving attorney Gail Weinheimer (Pedro Mendoza v. Beard, 2:98-cv-1857 MCE GGH)), astonishingly, the same abandonment by counsel took place with respect to petitioner's brother, Pedro Mendoza. The undersigned issued a similar order to show cause to Ms. Weinheimer as to why she should not be disbarred from practice in the Eastern District of California District Court. Ms. Weinheimer, through counsel, objected to the undersigned making a disbarment order, or taking other action without submission of the matter to a lawyer's disciplinary committee set up in the Eastern District (which does not exist), or submission to a disciplinary investigation/adjudication by the Criminal Justice Act (CJA) Panel of this district. This Panel is responsible for appointment and payment of counsel appointed in, *inter alia*, habeas corpus cases. After review and consideration of the matter, the court ordered the Federal Defender to submit the matter of discipline involving Ms. Weinheimer to the CJA Panel of this district. In doing so, the undersigned understood that Ms. Weinheimer remained a member of the panel for purposes of taking habeas corpus cases in this district, and that she had been appointed as counsel under the Criminal Justice Act (CJA) in cases that remain pending at present. There might be a remedy to be employed by the CJA Panel which would fit the misfeasance in that case.[1] The undersigned also determined that the petitioner in that case was

---

[1] The undersigned also views this matter against the backdrop of an unrelated case in which counsel for a habeas corpus petitioner abandoned his client after the federal case was stayed and during a lengthy period in which exhaustion of new claims was supposed to be taking place. See Luna v. Kernan, 784 F.3d 640 (9th Cir. 2015). The attorney involved in that misfeasance, Joseph Wiseman was an active member of the CJA Panel and had been appointed to both habeas corpus cases as a petitioner's counsel and as defense counsel in federal criminal prosecutions. Mr.

free to petition the California State Bar for an appropriate remedy.

This brings the discussion about what to do in this case. Although Ms. Kendall was appointed under the CJA for this case, the undersigned understands that Ms. Kendall is no longer a member of the CJA panel for any case. It might seem that an appropriate remedy is not possible. On the other hand, the undersigned believes that the CJA Panel retains an interest in reviewing this matter in that the initial appointment was made under the CJA. It might, for example, preclude Ms. Kendall from ever seeking appointment in the future given the misfeasance in this case. It might also determine that the integrity of the CJA program requires further consideration by referral to the State Bar. It further might demand reimbursement of any CJA sums distributed to Ms. Kendall for her "work" in the case.

The undersigned himself could fashion the appropriate discipline, or refer the matter to the State Bar. But, for the reasons expressed in the Weinheimer matter, the undersigned believes that matter of investigation and adjudication should, initially at least, be performed by a body whose duties include investigation of attorney misfeasance. Moreover, it does not appear appropriate at this point to treat Ms. Kendall in a manner potentially more punitive way than that applicable to Ms. Weinheimer, and Mr. Wiseman, for that matter. The undersigned will therefore refer the Kendall disciplinary matter to the CJA Panel which sought her appointment by the court in the above captioned case.

However, as also held in the Weinheimer matter, nothing in this order precludes the petitioner in this case from petitioning the California State Bar for initiation and consideration of its own remedial process. Petitioner is, after all, the person most aggrieved by Ms. Kendall's actions. Petitioner's present counsel will therefore be ordered to serve a copy of this order on petitioner.

Accordingly, IT IS HEREBY ORDERED:

1. The Clerk is directed to copy and send ECF Nos. 7, 28, 30, 35, 36, 38, 46, 47, 53, 57 in the above captioned case <u>as well as this order</u> to the Federal Defender, Eastern

---

Wiseman recently, voluntarily resigned from the CJA Panel, which had given him substantial work over the years.

        District of California for CJA Panel investigation/adjudication of the Kendall misconduct matter.

2. Ms. Kendall is ordered to serve upon the Federal Defender, within seven days, the declaration which this court has ordered sealed. She shall inform the Federal Defender of this order when serving the declaration.

3. The Federal Defender, or appropriate designee, shall inform the undersigned and the Chief Judge of this District within 45 days of the outcome of the CJA Panel investigation in the Kendall matter. Any requests for an extension of time shall be directed to the undersigned.

4. Nothing in this order precludes petitioner from seeking such further relief as petitioner may deem appropriate including reference to the State Bar of California. Petitioner's counsel shall serve a copy of this order on petitioner himself.

5. This order resolves the order to show cause, ECF No. 47.

6. The Clerk shall serve this order on all counsel who have appeared at any time in this matter and, as noted above, the Federal Defender. The Clerk shall also serve the Chief Judge of this District, the Honorable Morrison C. England.

Dated: June 1, 2015

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE